FILED
U.S. DISTRICT COURT
DISTRICT OF COLORADO

2017 JUL 14 AM 10:08

　　　　　　　WELL
　　　CLERK

BY_____DEP. CLK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

Civil Action cv 2969
16 cv - 02969 - CVS

MICHELE ST. MICHAEL

    Plaintiff,

v.

ROCKY MOUNTAIN FESTIVALS, INC.

    Defendant

## MOTION TO AMEND COMPLAINT

    Comes now the Plaintiff, Michele St. Michael, by herself, to respectfully file this motion to Amend the original complaint filed on 12/ 05, 2016. As grounds for this motion Plaintiff states as follows,

1. Plaintiff would like to file a motion to amend her original complaint which named and served the wrong defendant on 12/ 05,2016.

2. Plaintiff asks that James Paradise and COLORADO RENAISSANCE FESTIVAL be dismissed and removed from the original complaint so, that ROCKY MOUNTAIN FESTIVALS, INC. may be named as the Defendant in the amended claim. Original claim filed on 12/ 05/2016. Motion to amend original complaint filed on 07/14/2017.

3. The amended complaint relates back to the original pleading, filed 12/05/2016, and permitted by law and thus fore provides that the statute of limitations is applicable and avoids the statute of limitations bar. (Federal Rules of Civil Procedure15 (1) (c))

4. Plaintiffs motion to amend, in and by changing the party from James Paradise and the COLORADO RENAISSANCE FESTIVAL, or naming of the party against whom the

claim is asserted, to ROCKY MOUNTAIN FESTIVALS, INC. satisfies, (Federal Rules of Civil Procedure 15 (c) (3)).

5. Plaintiff in addition to satisfying the requirements of "Rule 15 (c) (3)" meets the standards for involving the traditional misnomer principle", because ROCKY MOUNTAIN FESTIVALS, INC., created the potential for confusion by doing business under the fictitious name of COLORADO RENAISSANCE FESTIVAL, INC. Also the company's Attorney, T. R. Rice compounded the confusion by continuing to use the fictitious name, COLORADO RENAISSANCE FESTIVAL, in his pleadings, without an attempt to correct this through any of the initial pleadings.

6. Plaintiff was financially dependent on employment provided by working under contract for ROCKY MOUNTAIN FESTIVALS, INC., as was made clear by attorney T. R. Rice in prior pleadings, etc., Plaintiff had worked under contract for ROCKY MOUNTAIN FESTIVALS, INC. for 37 years. Although, this is true, ROCKY MOUNTAIN FESTIVALS, INC. "still had total control of all operations, as to how the workers had to dress, how they were to treat the public, and/or patrons, where they could eat their lunches or dinners, what containers they could have their food they brought to eat in, what type of service and how the service was performed, and the contracted workers had to answer to management and/or supervisors, the same management and/or supervisors as their hired employees, just as any other employer at any other place of employment for that fact. Plaintiff has been "mischaracterized", simply by an operational characteristic unique to her particular business. "Employment relationship could accordingly be determined by whether the operators worked for the entire operative period of a particular season as in; *"Brock v. Mr. W. Fireworks, Inc. Court of Appeals for the Fifth Circuit"*.

7. Plaintiffs complaint is sufficient to establish that the sexual harassment was gender motivated, *See, "Harsco Corp. v. Renner,* 475 F.3d 1179, 1186 (10th. Cir. 2007)"; "Harassed employee is of opposite sex, when the conduct at issue involves explicit or implicit proposals of sexual activity." Plaintiffs sexual harassment by Dave Walker was "pervasive and severe". Dave Walkers conduct was much more than him just merely uttering offensive remarks. Dave Walker became physically threatening when he blocked the Plaintiffs exit with his three wheeler, causing the Plaintiff to be there against her wishes, began unzipping his pants as he said "pervasive and severe" things to the Plaintiff, making this incident terrifying, humiliating, and possibly criminal. *See, (N.M. Stat. Ann.~* 30-9-14)

8. Dave Walkers "pervasive and severe" sexual conduct, and intimidation, by means of blocking the Plaintiff's exit, so that she could not drive her car through to exit and unlawfully detaining her on the night of the incident, using his position as to assert authority as Site Manager, authority given to him through employment with ROCKY MOUNTAIN FESTIVALS, INC. , demanded the Plaintiff's pass, then, refusing to

return the Plaintiff's pass, should demonstrate enough cause for triable factual issues regarding sexual harassment by an employee, by a supervisor, creating a hostile working environment violating, " Title VII of the Civil Rights act of 1964".

9. Plaintiff would like to establish a viable theory of liability in that ROCKY MOUNTAIN FESTIVALS, INC. was the employer of Dave walker at the time of the incident, thus making ROCKY MOUNTAIN FESTIVALS, INC. directly liable for their employee, and any negative or harmful actions Dave Walker directed towards the Plaintiff.

10. Plaintiff attempted to report Dave Walker's behavior to Kristine Lowenberg, her supervisor/ manager. Kristine also being employed by ROCKY MOUNTAIN FESTIVALS, INC., and that Dave Walker was still in possession of her pass. Plaintiff was to be in possession of this pass at all times, when working and/or being on the "festival" grounds. Kristine Lowenberg stopped the Plaintiff midway through her telling of what Dave Walker had done, then telling the Plaintiff to stop, that she would make sure she got the Plaintiff's pass and returned it to her. From and by this Kristine had true, actual constructive knowledge of this incident. Kristine Lowenberg chose not to take "tangible employment actions" against Dave Walker, thus failing to diligently and investigate this complaint brought to her by the Plaintiff. This again makes ROCKY MOUNTAIN FESTIVALS, INC. responsible, as Kristine Lowenberg was an employee hired by them, and she was negligent in investigating this complaint, "*Kramer v. Wasatch Cty. Sheriff's Office,* 743 F.3d 726, 737 (10th cir. 2014)".

11. Plaintiff also made a complaint to Caitlin Pacer, a replacement for Kristine Lowenberg after she discontinued her employment with ROCKY MOUNTAIN FESTIVALS, INC... Caitlin Pacer refused to listen to plaintiff's complaint. After trying to complain to Caitlin Pacer, Plaintiffs yearly contract was not renewed with Rocky Mountain Festival, Inc., after 37 years of service and/or working at this particular "festival". Plaintiff worked only 3 festivals a year, one being through ROCKY MOUNTAIN FESTIVALS, INC. Plaintiff considers this to be her career and depends on this for income, as she had for 37 years.

12. Plaintiff, by identifying Dave Walker to be the aggressor, in this sexual harassment complaint, to her management/supervisors, "should be sufficient to exhaust a hostile work environment claim, by identifying the harasser, type of intimidation, and the approximate time period", "*Gunnell v. Utah Valley State Coll.,* 152 F3d 1253, 1260 (10th cir. 1998)".

13. Plaintiff seeks monetary damages for her building that she had paid for to construct, built out of pine and cedar. The only reason that plaintiff did not pay property taxes as

the other building owners is that she was "grandfathered" in along with a limited number of others who had been there for numerous years. Plaintiff was not given proper notice to remove her "belongings", which was considered to be personal property as her contract stated. ROCKY MOUNTAIN FESTIVALS, INC. made no diligent effort in locating Plaintiff to notify her, especially since plaintiff had remained in contact with Caitlin Pacer trying to get her contract renewed, even offering to move her building/structure to another spot and had spoken with her on the phone just prior to the Plaintiff' receiving a phone call 04/07/2016 advising the Plaintiff that "they" would not relocate or renew her contract. Several of the other building owners just prior to this have been given the opportunity to sell their building, thus, again this being one of the contract stipulations. The Plaintiff gave no reason to be treated so cruelly, other than complaining to management about Dave Walkers sexual harassment against her, as to not having her contract renewed after 37 years of dedication to working under and with ROCKY MOUNTAIN FESTIVALS, INC., as an "Festival" employee, and to have her building bulldozed without the proper notification nor given opportunity to sell it, considering, this would have helped since she would not have this income any longer.

14. Plaintiff also seeks and would like to include in the amended complaint, monetary and punitive damages for pain and emotional suffering caused by ROCKY MOUNTAIN FESTIVALS, INC. employee's, Dave Walker, Kristine Lowenberg, and Caitlin Pacer for the pain and emotional suffering caused by these employees for their actions and/or lack of actions regarding the sexual harassment , unlawful intimidation that was inflicted on the Plaintiff and the lack of diligent action that was not taken to investigate and properly take care of this dreadful situation. Plaintiff had to seek counseling for the mental and emotional effects this traumatic incident caused her.

15. Plaintiff would also like to assert the claim of "age discrimination", in the amended complaint. Title VII provides that "it is illegal to discriminate in any aspect of employment including: hiring and firing, recruitment, use of company facilities, other terms and conditions of employment." Plaintiff basis this claim on "hiring and firing", and "other terms and conditions". Caitlin Pacer wanted Plaintiff to wear a corset as part of her costume, "terms and conditions", Plaintiff pointed out that this was not part of her costumes, as a gypsy fortune teller, and Plaintiff felt this was not appropriate for her age. This requirement could possibly limit the age of the employees being hired in the future to a younger person. Also, as to the "age discrimination", Plaintiff would also like to make the court aware that there were two elderly gentlemen that did not have their contracts renewed the same year as the defendant's was not renewed. One gentleman being around age 70, the others man's age not known. This makes three elderly people at that particular time, that I was aware of. The difference with the gentlemen not getting their contract renewed and

the Plaintiff is that the gentlemen were given the opportunity to sell their structures/buildings.

Dated this 14th day of July, 2017

*Michele St. Michael*

## CERTIFICATE OF SERVICE

       I hereby certify that on the 14th day of July, 2017, a true and correct copy of the foregoing was served via the United States Mail upon the following.

Thomas R Rice, #13436
RICE LLC
7950 E. Prentice Ave., Suite 204
Greenwood Village, CO. 80111
(303)292-0902

**ATTORNEY FOR THE DEFENDANT**

                                  Respectfully Submitted,

                                */s/ Michele St. Michael*

# *Attachment A*


& Artisan's Marketplace



514

booth number that does not exist now

there were a small amount of people that got this award I was one of them why was I Removed for no Reason?

sexual harrassment (Dave Walker stole my pass)
booth is bulldozed (retailiatory discrimination)
termination (contract is not renewed - why?)

# ATTATCHMENT (B)

Plaintiff would like to ask the court when her Manitou P.O. Box was given as a mailing address, she has never submitted this address nor has ever given it to attorney Rice as a mailing address? Thank you your Honor.